## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JERAMIE JACKSON, | ) | |
| | ) | Case No. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | Magistrate |
| | ) | |
| The CITY OF CHICAGO Illinois, a municipal | ) | Jury Trial Demanded |
| corporation, Chicago Police Officers DANTE | ) | |
| KOEPPEN (#18927), and JANESSA | ) | |
| HERNANDEZ (#6717), | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF JERAMIE JACKSON'S COMPLAINT

NOW COMES Plaintiff, Jeramie Jackson (hereinafter referred to as "Plaintiff"), by and through his attorneys, JULIAN JOHNSON, THE LAW OFFICE OF JULIAN JOHNSON, LLC, and CHRISTOPHER SMITH, CHRISTOPHER SMITH TRIAL GROUP LLC, for Plaintiff's Complaint and Jury Demand against Defendant Chicago Police Officers DANTE KOEPPEN, JANESSA HERNANDEZ, and the CITY OF CHICAGO, Illinois, a municipal corporation, states as follows:

### JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and §1367.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this Complaint occurred within this district.

1

**PARTIES**

4.   Plaintiff, JERAMIE JACKSON, is a resident of Chicago, Illinois.

5.   At all relevant times, Defendants KOEPPEN and HERNANDEZ ("Defendant Officers") were Chicago Police Officers, employed by Defendant CITY OF CHICAGO, acting under color of law and within the course and scope of their employment.

6.   Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident, was the employer and principal of Defendants KOEPPEN and HERNANDEZ. Should Plaintiff prevail on his claims, Defendant CITY OF CHICAGO must indemnify Defendants HERNANDEZ and KOEPPEN on Plaintiff's claims pursuant to 735 ILCS 10/9-102.

**FACTS**

7.   On August 1, 2020, Plaintiff was driving a vehicle in the 1000 block of West 63rd Street in Chicago.

8.   Defendants KOEPPEN and HERNANDEZ initiated a traffic stop on the vehicle Plaintiff was driving.

9.   Defendants KOEPPEN and HERNANDEZ did not observe Plaintiff commit any traffic violations at the time Defendants HERNANDEZ and KOEPPEN stopped Plaintiff.

10. Despite not observing Plaintiff commit any traffic violations, Defendants KOEPPEN and HERNANDEZ initiated an unlawful traffic stop on the vehicle Plaintiff was driving.

11. Defendants KOEPPEN and HERNANDEZ later fabricated a reason for the traffic stop to justify their actions.

12. Upon seeing police lights behind him, Plaintiff cooperated and immediately pulled the vehicle to the side of the road.

2

13. Defendant KOEPPEN approached the driver's side of the vehicle and spoke to Plaintiff.

14. Defendant HERNANDEZ approached the passenger side of the vehicle and spoke to the passenger.

15. After speaking to Plaintiff, Defendant KOEPPEN ordered Plaintiff out of the car.

16. Upon seeing Defendant HERNANDEZ, the passenger, without request, provided Defendant HERNANDEZ with his Firearm Owners Identification card ("FOID card").

17. After being removed from the vehicle, Plaintiff was handcuffed and placed in the back of Defendant HERNANDEZ and KOEPPEN'S police vehicle.

18. Defendant KOEPPEN searched the vehicle and found a gun inside.

19. The weapon was legally owned by the passenger.

20. After discovering the gun, Defendant KOEPPEN informed Defendant HERNANDEZ that they needed to find out if the gun belonged to the passenger since he had the FOID card.

21. While on scene, Plaintiff was informed that a gun was found inside of the vehicle. Plaintiff explained that the vehicle was not his and the gun was likely the passenger's since it was the passenger that possessed a FOID card.

22. Defendants did not find any evidence to suggest otherwise.

23. Defendants KOEPPEN and HERNANDEZ disregarded the fact that the passenger of the vehicle possessed a valid FOID card and instead focused on Plaintiff because Plaintiff had a felony conviction in his background.

24. Defendants KOEPPEN and HERNANDEZ never asked the passenger if the gun was his and instead charged Plaintiff with unlawful use of a weapon by a felon solely because Plaintiff was the driver of the car.

25. Defendants KOEPPEN and HERNANDEZ allowed the passenger to leave the scene and did not charge him with any violations, despite the fact that the gun was legally owned by the passenger.

26. Defendants KOEPPEN and HERNANDEZ knew there was no probable cause to arrest and charge Plaintiff with unlawful use of a weapon by a felon and did so anyway.

27. Defendants KOEPPEN and HERNANDEZ completed and filed a false criminal complaint with the Circuit Court of Cook County stating that Plaintiff had a weapon on his person.

28. Plaintiff spent several days in the Cook County Jail before being released on electronic monitoring.

29. The criminal charges against Plaintiff were dismissed in a manner indicative of innocence on May 25, 2021.

## COUNT I
### (42 U.S.C. § 1983 – Unlawful Seizure – Traffic Stop)
### Against Defendants Koeppen and Hernandez

30. Each of the foregoing paragraphs is incorporated as if fully restated herein.

31. As described in the above paragraphs, Defendants HERNANDEZ and KOEPPEN unlawfully stopped the vehicle Plaintiff was driving, thus violating his rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

32. Said actions of Defendants HERNANDEZ and KOEPPEN were intentional and committed with reckless disregard for Plaintiff's rights.

33. As a direct and proximate consequence of Defendants HERNANDEZ and KOEPPEN'S conduct, Plaintiff suffered damages which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

4

## COUNT II
### (Illinois State Law – Malicious Prosecution)
### Against Defendants Hernandez, Koeppen, and the City of Chicago

34. Defendants HERNANDEZ, KOEPPEN, and the CITY OF CHICAGO, through its employees and agents, caused criminal proceedings to be initiated against Plaintiff.

35. Defendants HERNANDEZ, KOEPPEN, and the CITY OF CHICAGO, through its employees and agents, arrested Plaintiff without probable cause, fabricated police reports, and placed false charges upon Plaintiff for possessing a weapon.

36. Defendants HERNANDEZ, KOEPPEN, and the CITY OF CHICAGO, through its employees and agents, undertook these actions intentionally and with malice.

37. On or about May 25, 2021, all criminal charges against Plaintiff were dismissed and the case against Plaintiff was terminated in his favor in a manner indicative of innocence.

38. As a result of Defendants HERNANDEZ, KOEPPEN, and the CITY OF CHICAGO'S actions, through its employees and agents, misconduct, Plaintiff suffered damages including emotional distress, pain and suffering, and other damages which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT III
### (Indemnification)
### Against the City of Chicago

39. Each of the foregoing paragraphs is incorporated as if fully restated herein.

40. At all relevant times, Defendant CITY OF CHICAGO was the employer of Defendants HERNANDEZ and KOEPPEN.

41. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the course and scope of their employment activities.

42. Defendants HERNANDEZ and KOEPPEN committed the alleged acts under the color of law and in the course and scope of their employment with the CITY OF CHICAGO.

43. As a proximate cause of Defendant HERNANDEZ and KOEPPEN'S unlawful acts, which occurred within the course and scope of their employment activities, Plaintiff suffered damages.

**WHEREFORE,** should Defendants HERNANDEZ and KOEPPEN be found liable, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

**DATED**: September 8, 2021                                Respectfully Submitted,

                                                           Jeramie Jackson, Plaintiff

                                       By:     /s/ Julian Johnson
                                               One of Plaintiff's Attorneys

The Law Office of Julian Johnson, LLC
55 East Monroe Street, Suite 3800
Chicago, Illinois 60603
Phone: 312-487-1711
Fax: 312-300-4029
julian@julianjohnsonlaw.com

Christopher Smith
Christopher Smith Trial Group LLC
53 West Jackson, Suite 856
Chicago, IL 60604
Phone: 312-432-0400
chris@lawsja.com